UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-538-H

KEAN H. ASHURST                                                                     PLAINTIFF

V.

CAUDILL SEED AND WAREHOUSE
COMPANY, INC. d/b/a CAUDILL
SEED COMPANY                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has asserted state law claims for wrongful termination, one of which is based upon his complaint that Defendant was violating the federal Food Safety Modernization Act, 21 U.S.C. § 301, *et seq*. Defendant removed to federal court on the grounds that Plaintiff's state claims implicate federal issues so significantly that federal jurisdiction is present even without Plaintiff having asserted an actual federal claim.

As both parties properly point out, the Sixth Circuit spoke directly to this issue in *Long v. Bando Mfg.*, 201 F.3d 754 (6th Cir. 2000). There, an employee sued his former employer in state court, alleging that he was wrongfully terminated for refusing to participate in the employer's violations of federal laws. The Sixth Circuit sustained the remand to a Kentucky state court, on the basis that it was "clear that the resolution of a federal question [was] not necessary to the resolution of [Plaintiff's] wrongful discharge claim." *Id*. at 760.

Here, Plaintiff says that he complained about violations of federal law and that, as a result, Defendant terminated him. Such an action for such a purpose would violate Kentucky state law. Consequently, the issue is whether Plaintiff did complain, had reasonable grounds to do so, and whether Defendant terminated him because of it. The trial court need not actually

determine whether Defendant violated federal law in order to resolve Plaintiff's claim.

In addition, even assuming that Plaintiff could have asserted a distinct federal claim, he chose not to do so.  Plaintiff is entitled to the assumption of the well-pleaded complaint rule.  Indisputably, he has asserted state law claims only.  That he may have asserted federal claims but chose not to do so, seems to be immaterial here.

Construction of federal law may well become an issue in this case, much like it did in *Long*, but that possibility does not create federal question jurisdiction.  Consistent with the Sixth Circuit's view in *Long*, this Court concludes that no federal jurisdiction exists and that remand is appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc:     Counsel of Record